**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10501 |
| Plaintiff - Appellee, | D.C. No. CR-08-00160-SRB-1 |
| v. | |
| KODY GARRETT HOUK, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted November 3, 2009
San Francisco, California

Before: B. FLETCHER, CANBY, and GRABER, Circuit Judges.

Defendant Kody Garrett Houk appeals from the district court's denial of his

motion to suppress the incriminating statements that he made during an

interrogation. Reviewing de novo, United States v. Bassignani, 575 F.3d 879, 883

(9th Cir. 2009), we hold that Defendant was not in custody during his interrogation

and, thus, we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We look at the totality of the circumstances to determine whether a suspect is "in custody" for purposes of <u>Miranda</u>.[1] <u>United States v. Craighead</u>, 539 F.3d 1073, 1082 (9th Cir. 2008). Here, four of the five factors that <u>United States v. Kim</u>, 292 F.3d 969, 974 (9th Cir. 2002), identified as relevant to an "in-custody" determination weigh against the conclusion that Defendant was in custody.

First, an agent asked Defendant if he would speak with her; her language was not coercive. Second, the agents interrogated Defendant in an ordinary meeting room located in the post office building where he began and ended his workdays. The location was neither intimidating nor wholly unfamiliar. Third, agents questioned Defendant for only about an hour; the entire investigation lasted for about an hour-and-a-half. Fourth, agents did not touch or handcuff Defendant.

Of significance here, too, is the fact that Defendant was questioned by postal service employees as part of an internal investigation. The questioning did not occur in the context of an external criminal investigation. Additionally, the agents informed Defendant that the interview was voluntary, that he could leave at any time, and that he would not be arrested that day, as he ultimately was not; he went home after the interview. Furthermore, Defendant acknowledged in writing that the interview was voluntary.

---

[1] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

Although Defendant was confronted with evidence of his guilt, this sole factor in favor of an "in-custody" determination does not outweigh the other factors. Considering the totality of the circumstances, Defendant was not in custody. Therefore, <u>Miranda</u> warnings were not required.

Our conclusion would remain unchanged even if we were to take into consideration Defendant's age at the time of the interrogation, as he urges under <u>Yarborough v. Alvarado</u>, 541 U.S. 652, 669 (2004) (O'Connor, J., concurring); <u>id.</u> at 673-74 (Breyer, J., dissenting).

AFFIRMED.